## STATE v. WILLIAM VOOGD.[1]

February 11, 1927.

No. 25,956.

**Criminal statute not applicable to an officer's indebtedness to his bank.**

The statute, R. L. 1905, § 2981, G. S. 1923, § 7654, making it a felony to do anything or omit anything "in violation of any of the provisions of this subdivision," contained in chapter 58 of the statutes relating to corporations, is so indefinite and uncertain that it cannot be held to apply to R. L. 1905, § 2993, G. S. 1923, § 7677, providing that the indebtedness of an officer to his bank shall never exceed ten per cent of the capital stock and surplus.

Criminal Law, 16 C. J. p. 61 n. 12.
Statutes, 36 Cyc. p. 1186 n. 49, 50.

Defendant's demurrer to an indictment in the district court for Mower county was overruled, Peterson, J. The question of the sufficiency of the indictment was certified by the court as doubtful. Remanded.

*Arthur W. Wright, Martin A. Nelson* and *Senneff, Bliss, Witwer & Senneff,* for defendant.

*Clifford L. Hilton,* Attorney General, *Otto Baudler,* County Attorney, and *Frank G. Sasse,* for the state.

[1]Reported in 212 N. W. 528.

DIBELL, J.

The defendant was indicted by the grand jury of Mower county of the crime of incurring a liability to a bank of which he was an officer in excess of ten per cent of its capital stock and surplus. He interposed a demurrer which was overruled and the question of the sufficiency of the indictment was certified by the trial court as doubtful.

The statute provides that the total liability of any officer or director shall never exceed ten per cent of the aggregate of capital and surplus. G. S. 1923, § 7677, R. L. 1905, § 2993. This provision is traceable to L. 1895, p. 305, c. 145, § 15, which was an act to revise the laws relating to banks of discount and deposit. Section 15 of that chapter contained a provision similar to the sections of G. S. 1923 and R. L. 1905 cited. There were amendments by L. 1907, p. 173, c. 156, L. 1911, p. 204, c. 160, § 1, and L. 1919, p. 98, c. 103, § 1, the latter amendment leaving the statute as it now is.

The act of 1895 provided no penalty for a violation of § 15. The only penalty it provided was for a violation of § 11 which had to do with the making of false statements or entries in the books, and the like, which was made a felony. By L. 1897, pp. 436, 437, c. 228, §§ 1-2, sections 15 and 20 of the 1895 act were each amended "so as to read as follows," but in respects not now important. There was added § 3, reading as follows:

"Section 3. Any person, director or officer of any corporation, director or officer of any bank, who shall violate any of the provisions of this act, or knowingly permit the violating of any of the provisions of this act, or of the act of which this act is amendatory, whereby any of the moneys, property or assets of a bank are unlawfully loaned or used shall be punished by imprisonment in the state prison for a term not to exceed ten (10) years, and shall be severally liable to each and every creditor of such bank for the full amount of the debt due from such bank to such creditor."

The revision of 1905 repealed L. 1895, p. 298, c. 145, and L. 1897, p. 436, c. 228. R. L. 1905, §§ 5541-5542. No specific penalty was put into the revision for the violation of the statute corresponding

to § 15 of the 1895 act. R. L. 1905, § 2993, G. S. 1923, § 7677. There was put into the revision a penalty as follows:

"Every officer, agent, or employe of any corporation or co-partnership, and every other individual who shall knowingly and wilfully do or omit anything, the doing or omission of which on the part of any corporation, co-partnership, or individual is in violation of any of the provisions of this subdivision, and who continues or repeats such act or omission for or during more than ten successive days, shall be guilty of a felony." R. L. 1905, § 2981, G. S. 1923, § 7654.

This section is not the same as § 3, c. 228, p. 438, Laws of 1897, quoted above. It is not the same as L. 1895, p. 304, c. 145, § 11, which defined a specific offense and provided a penalty. It is not taken from it. Section 11 is substantially the same as G. S. 1866, c. 33, § 39, G. S. 1878, c. 33, § 39, and in a way resembles a part of the penal code contained in G. S. 1894, §§ 6764-6765, and continued in R. L. 1905, §§ 5119-5120, G. S. 1923, §§ 10408-10409. Section 2981 does not contain the personal liability fixed by the 1897 act. It has a provision making it a requisite of the offense that the act or omission be continued or repeated "for or during more than ten successive days." The offense is for the "violation of any of the provisions of this subdivision."

The revision commission put together the various provisions relative to corporations and as finally adopted these provisions became chapter 58. There is a heading Financial Corporations, General Provisions. R. L. 1905, §§ 2967-2982, G. S. 1923, §§ 7635-7655. There is a heading Banks. R. L. 1905, §§ 2983-3008, G. S. 1923, §§ 7659-7697. And there are other headings before and after those noted. The penalty clause with which we are concerned, R. L. 1905, § 2981, G. S. 1923, § 7654, is under the heading Financial Corporations, General Provisions, but not under the heading Banks, though by definition of the statute a bank is a financial corporation; and the offense consists in the violation of "any of the provisions of this subdivision," and refers to "every officer, agent or employe of any corporation or co-partnership, and every other individual."

If the penalty section is held to refer to R. L. 1905, § 2993, G. S. 1923, § 7677, it refers to many other sections, perhaps 15 or 20, obedience to which is commanded. Some are of so trivial importance that it cannot be thought that the legislature intended to make a failure to observe them a felony. Some are of importance equal to that directed against overborrowing by an officer. We cannot say from a history of the legislation that § 3 of the act of 1897 is preserved in a changed form in R. L. 1905, § 2981, G. S. 1923, § 7654, and that the latter section prescribes a penalty only for the violation of R. L. 1905, § 2993, G. S. 1923, § 7677. Nor can we say that the penalty section applies to all or a part of the sections of chapter 58 regulatory of corporations in general or banks in particular. It is so indefinite and uncertain in its application that it cannot be given effect. It does not follow that the provisions of the statutes regulatory of banks are ineffective. Banks are under the direct supervision of the banking department which enforces obedience to the applicable provisions of the statute. Throughout the body of statutory law are many regulatory statutes, effective in result, and from a failure to observe which important legal consequences flow, but attached to which are no criminal penalties.

The question whether the indictment states a public offense is answered in the negative and the case is remanded for further proceedings.

Remanded.